UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ADAM ARTHUR JAMISON,**

        **Plaintiff,**

v.                                                          **Case No:  6:15-cv-01064-Orl-41DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

                                                         /

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Complaint (Doc. 1), which seeks judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance Benefits ("DIB"). On April 11, 2016, United States Magistrate Judge David A. Baker issued a Report and Recommendation ("R&R," Doc. 17), in which he recommends that the Commissioner's final decision be affirmed. On April 25, 2016, Plaintiff filed an Objection (Doc. 18) to the R&R.

After an independent *de novo* review, the Court agrees with the findings of fact and conclusions of law set forth in the R&R. Thus, Plaintiff's Objection will be overruled and the Commissioner's final decision will be affirmed.

**I.   BACKGROUND**

On February 23, 2012, Plaintiff filed an application for benefits under the Federal Old-Age, Survivors, and Disability Insurance Benefits ("OASDI") program, 42 U.S.C. § 401 *et seq.*, alleging disability commencing on December 1, 1995. (R., Doc. Nos. 13-1–13-12, at 110, 217–23). Plaintiff's application was initially denied on May 8, 2012, and upon reconsideration on September 5, 2012. (R. at 157–73). Thereafter, Plaintiff requested and received a hearing before

an administrative law judge ("the ALJ"). (R. at 28–68, 174). On February 6, 2014, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled through March 31, 2002, the last date insured. (R. at 13–27).[1] The Appeals Council declined to grant review, (R. at 2–7), making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed the Complaint, seeking review of the Commissioner's decision. In particular, Plaintiff claimed that the ALJ: (1) failed to apply the correct legal standards to the medical opinions of record; (2) committed reversible error by failing to call a medical expert to determine the onset date of disability; and (3) failed to apply the correct legal standards to Plaintiff's testimony and the testimony of Plaintiff's father. (Pl.'s Br., Doc. 15, at 1–2). The case was referred to Judge Baker, who after reviewing the record in conjunction with the parties' briefs, found that there was substantial evidence supporting the Commissioner's decision and that the decision should be affirmed.

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.  ANALYSIS

---

[1] On August 13, 2012, the Social Security Administration found that Plaintiff was disabled as of the date of his filing, February 23, 2012, for purposes of the award of Supplemental Social Security Income ("SSI") benefits. (R. at 16, 111).

Plaintiff raises only one objection to the R&R—that Judge Baker erred in finding that the ALJ did not commit reversible error by not calling a medical expert to establish the onset date of disability in light of Social Security Ruling ("SSR") 83-20 and the fact that his February 23, 2012, application for SSI was approved. (Obj. at 2). Specifically, Plaintiff argues that "[t]he purpose of SSR 83-20 is to help determine the onset date of disability for disabilities of non-traumatic origin," and that he "suffered with his disability his whole life[—]not merely on February 23, 2012." (*Id.* at 3). Accordingly, Plaintiff requests that the Court remand this case for further administrative proceedings. (*Id.*).

After a *de novo* review of the record, however, the Court agrees with Judge Baker's well-reasoned and detailed analysis. As Judge Baker properly observed, the prescriptions of SSR 83–20 are applicable "only after there has been a finding of disability." *Caces v. Comm'r, Soc. Sec. Admin.*, 560 F. App'x 936, 939 (11th Cir. 2014) (per curiam); *see also Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 776 (11th Cir. 2010) (per curiam) (explaining that SSR 83-20 "only require[s] the ALJ to obtain a medical expert in certain instances to determine a disability onset date after a finding of disability"); *Jenkins v. Comm'r of Soc. Sec.*, No. 6:14-cv-377-Orl-41DAB, 2015 WL 413112, at *9 (M.D. Fla. Jan. 30, 2015) ("Because substantial evidence demonstrated [the] [p]laintiff was not disabled prior to his date last insured, there was no onset date of disability for the ALJ to determine.").

To the extent Plaintiff argues that another ALJ's finding of disability in 2012 for SSI purposes is relevant, Plaintiff has failed to cite any authority for such a proposition. Simply because Plaintiff was determined to be disabled as of 2012 does not mean that he had to have been disabled in early 2002. After evaluating the evidence contained in the record, the ALJ found that Plaintiff was not disabled at any time from Plaintiff's alleged onset date of December 1, 1995, through the

date he was last insured, March 31, 2002. (R. at 16, 18–23). Judge Baker determined that the ALJ's finding comported with substantial evidence in the record, a determination which Plaintiff has not objected to. Thus, "because the ALJ did not find that [Plaintiff] was disabled, and because that finding is supported by the evidence, the ALJ did not err in failing to call a medical expert to determine an onset date of such a disability." *Caces*, 560 F. App'x at 939.

## IV. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 17) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The Commissioner's final decision is **AFFIRMED**.

3. The Clerk is directed to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 26, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record